UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| STE. GENEVIEVE MEDIA, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No. 1:16CV00087 ACL |
| PULITZER MISSOURI NEWSPAPERS, INC. d/b/a DAILY JOURNAL, | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This action is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 25.) Also pending is Plaintiff's Motion for Oral Argument on Defendant's Motion to Dismiss Amended Complaint. (Doc. 23.)

**I.     Background**

This cause was originally filed in the Circuit Court of Ste. Genevieve County, Missouri, and was removed to this Court pursuant to both the Court's diversity jurisdiction, and federal question jurisdiction. Plaintiff Ste. Genevieve Media, LLC, is the owner-operator of the Ste. Genevieve Herald, a weekly print and electronic newspaper with its principal place of business located in Ste. Genevieve, Missouri. Defendant Pulitzer Missouri Newspapers, Inc., is a Delaware Corporation registered in the State of Missouri, doing business as the Daily Journal, a print and electronic newspaper with business offices located in Park Hills, Missouri. In the original Complaint, Plaintiff asserted a claim under the Missouri Merchandising Practices Act

("MMPA"), alleging the Daily Journal misappropriated and plagiarized its news articles without consent or attribution. (Doc. 6.)

Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff lacked standing under the MMPA, and that Plaintiff's claim was preempted by the Copyright Act. (Doc. 9.) In response, Plaintiff filed an Amended Complaint, in which Plaintiff abandoned the MMPA claim and alleged two new claims—a "hot news" misappropriation claim, and an unjust enrichment claim. (Doc. 11.)

Defendant filed a Motion to Dismiss, arguing that Plaintiff's unjust enrichment claim is preempted by the Copyright Act, and Plaintiff's "hot news" misappropriation claim fails as a matter of law. (Doc. 14.)

Plaintiff then filed the instant Motion for Leave to File Second Amended Complaint (Doc. 25), to which Defendant has filed a Response (Doc. 26).

**II. Motion to Amend**

Plaintiff requests leave to file a Second Amended Complaint to add an additional count of copyright infringement against Defendant. As support for this request, Plaintiff states that Plaintiff recently received its copyright registration from the United States Copyright Office, which is relevant to Plaintiff's claims.

Defendant does not object to Plaintiff's proposed addition of a copyright count, but requests that its previously-filed Motion to Dismiss and related filings be deemed to apply to the Second Amended Complaint. Defendant argues that, under Federal Rule of Civil Procedure 15(d), Plaintiff's proposed addition of the copyright claim based on a recent copyright registration is a supplementation of, rather than an amendment to, the First Amended Complaint.

Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *See also Baker Group, L.C. v. Burlington Northern and Santa Fe Ry. Co.,* 228 F.3d 883, 886 (8th Cir. 2000) ("The rule is permissive for the parties and discretionary for the court."). The Eighth Circuit has not set forth the standard to be applied to a court's exercise of discretion concerning a motion for leave under Rule 15(d). However, courts in this district have applied the same liberal standard as in Rule 15(a), which states that "the court should freely give leave when justice so requires." *See Raineri Const., LLC v. Taylor*, No. 4:12-CV-2297 CEJ, 2013 WL 6050772, at *1 (E.D. Mo. Nov. 15, 2013); *Riggs v. City of Owensville,* No. 4:10-CV-793 CAS, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011).

The Court has reviewed the proposed amended complaint, and agrees with Defendant's contention that Rule 15(d) applies. Plaintiff seeks to add a new copyright claim (Count III) based on a copyright registration received from the United States Copyright Office on June 2, 2016 (Doc. 25-4), which occurred after the filing of the First Amended Complaint. Apart from adding a new claim, the Second Amended Complaint does not change any of the original allegations or parties. Thus, the Court will grant Plaintiff's Motion for Leave to File Second Amended Complaint.

The Court will also grant Defendant's request to deem Defendant's previously-filed fully briefed Motion to Dismiss applicable to the Second Amended Complaint. Defendant has invested time and resources filing and briefing its Motion to Dismiss Plaintiff's First Amended Complaint, and that pleading, except for the addition of Count III, is identical to Plaintiff's Second Amended Complaint.

### III. Motion for Oral Argument

Plaintiff has requested that the Court allow oral argument on Defendant's Motion to Dismiss. The parties have provided ample briefs in support of their respective positions, and oral argument is not necessary for the Court to render a decision. Thus, Plaintiff's Motion for Oral Argument will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 25) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 14) shall apply to the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant shall file a Response to Count III of the Second Amended Complaint **within fourteen days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Argument on Defendant's Motion to Dismiss Amended Complaint (Doc. 23) is **denied**.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of September, 2016.